O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SST RECORDS, INC., a Texas corporation; GREGORY R. GINN, an , <br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HENRY GARFIELD aka HENRY ROLLINS, an individual; KEITH MORRIS, an individual; GARY McDANIEL aka CHUCK DUKOWSKI, an individual; DENNIS PAUL CADENA aka DEZ CADENA, an individual; JOHN WILLIAM STEVENSON aka BILL STEVENSON, an individual; and STEPHEN PATRICK O'REILLY aka STEPHEN EGERTON, an individual,<br><br>　　　　　　Defendants. | Case No. CV 13-05579 DDP (MANx)<br><br>ORDER DENYING PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER<br><br>[Docket No. 3 ] |

**I. Background**

Plaintiffs Gregory Ginn and SST Records (collectively "Plaintiffs") have sued Henry Garfield (a.k.a. Henry Rollins), Keith Morris, Gary McDaniel (a.k.a. Chuck Dukowski), Dennis Cadena, John Stevenson (a.k.a. Bill Stevenson), and Stephen O'Reilly (a.k.a. Stephen Egerton) (collectively "Defendants") for various

trademark-related claims, breach of contract, and unfair competition. (See generally Compl. Docket No. 1.)  Presently before the Court is Plaintiffs' Application for a Temporary Restraining Order.

Plaintiff Ginn and Defendant Rollins allegedly started the band Black Flag in 1976, which the remaining Defendants later joined. (See generally Ginn Decl.)  Ginn claims to be the only continuous member of Black Flag. (Id. ¶ 17.)  In September 2012 Defendants Garfield and Morris allegedly filed a trademark application for the Black Flag mark. (Ginn Decl. ¶¶ 14-17.) Defendants, except Garfield, allegedly have advertised various concerts, the earliest of which appears to have been in May 2013, under the name Flag. (Id. ¶ 19.)  This Motion was filed because "defendants have scheduled a series of live performances, using a confusing variation of Black Flag, namely 'Flag' . . . [which] begin on Thursday August 22, 2013." (Memorandum in Support of Motion at 4:7-11.)  Based on Plaintiffs' exhibits, this tour appears to have been announced at least in February. (Ginn Decl. Ex. F (The earliest Facebook response to the tour's announcement was in February 2013).

**II. Legal Standard**

Courts apply the preliminary injunction factors in deciding whether to grant a temporary restraining order ("TRO"). See Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  A party requesting a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

is in the public interest." Network Automation, Inc. v. Advanced Sys. Concepts, Inc., 638 F.3d 1137, 1144 (9th Cir. 2011) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

Regarding irreparable harm, a court should consider whether the movant "proceeded as quickly as it could have" in seeking a TRO. See Apple, Inc. v. Samsung Electronics Co., Ltd., 678 F.3d 1314, 1325 (Fed. Cir. 2012) (analyzing a preliminary injunction). At the TRO stage, courts will consider whether the movant would have been able to file a noticed preliminary injunction motion had it acted diligently. See, e.g., Occupy Sacramento v. City of Sacramento, 2:11-CV-02873-MCE, 2011 WL 5374748, at *4 (E.D. Cal. Nov.4, 2011) (denying application for TRO for twenty-five day delay); Mammoth Specialty Lodging, LLC v. We-Ka-Jassa Inv. Fund, LLC, CIVS10-0864 LKK/JFM, 2010 WL 1539811, at *2 (E.D. Cal. Apr. 16, 2010).[1]

///

---

[1] Many of the cases considering whether the movant had time to file for a preliminary injunction are from the Eastern District of California, which has the following local rule:
> In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

Because this local rule is not based on legal doctrine unique to the Eastern District, but instead on a commonsense application of laches, the Court finds the Eastern District cases persuasive. Regardless, at least one Northern District court has considered delay in deciding to deny a TRO but allow a future noticed motion for a preliminary injunction. Rosal v. First Fed. Bank of California, No. C 09-1276 PJH, 2009 WL 837570, at *2 (N.D. Cal. Mar. 26, 2009).

3

**III. <u>Analysis</u>**

In this case, some Defendants filed an allegedly fraudulent trademark application for the Black Flag name in 2012. (Ginn Decl. ¶¶ 14-17.) Defendants appear to have announced their upcoming tour dates, which are the impetus for this TRO, by February of this year. (<u>Id.</u> Ex. F.) Plaintiffs have submitted evidence that Defendants advertised a concert in Las Vegas that was scheduled for last May. (Ginn Decl. ¶ 19.) Plaintiff Ginn has attested that Black Flag fans indicated to him in April 2013 that Defendants' use of the Flag name was causing them confusion. (<u>Id.</u>)

A "TRO is an extraordinary remedy." <u>Niu v. United States</u>, 821 F. Supp. 2d 1164, 1168 (C.D. Cal. 2011). It is unwarranted here because Plaintiffs could have filed a noticed motion for a preliminary injunction that would have been heard well before the upcoming tour, which begins on August 22. (Ginn Decl. Ex. F.); Cent. Dist. L.R. 6-1 (Parties can notice a motion to be heard within 28 days of service.).

By waiting until the eleventh hour to seek injunctive relief, Plaintiffs essentially preclude Defendants from having a meaningful opportunity to be heard. Whether the delay was the result of a litigation tactic or occurred for other reasons, the court has no knowledge. What is true, however, is that absent a sound reason for the delay, due process concerns favor a full and fair airing of the positions of the parties.

**IV. <u>Conclusion</u>**

For the reasons stated herein, the Motion is DENIED. This
///
///

4

order does not preclude Plaintiffs from filing a motion for a preliminary injunction.

IT IS SO ORDERED.

Dated: August 7, 2013

DEAN D. PREGERSON
United States District Judge