HODGSON LEGAL
CHERYL L. HODGSON (CSB# 141275)
cheryl@hodgsonlegal.com
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401
Telephone: (310) 623-3515

EVAN S. COHEN (CSB# 119601)
esc@manifesto.com
1180 South Beverly Drive, Suite 510
Los Angeles, CA 90035
Telephone: (310) 556-9800

BRIDGET B. HIRSCH (CSB# 257015)
bridget@bbhirsch.com
7435 North Figueroa Street, No. 412422
Los Angeles, CA 90041
Telephone: (323) 387-3413

Attorneys for Plaintiffs
SST RECORDS, INC. and GREGORY R. GINN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SST RECORDS, INC., a Texas corporation; GREGORY R. GINN, an individual,<br><br>Plaintiffs<br><br>vs.<br><br>HENRY GARFIELD a/k/a HENRY ROLLINS, an individual; KEITH MORRIS, an individual; GARY MCDANIEL a/k/a CHUCK DUKOWSKI, an individual; DENNIS PAUL CADENA a/k/a DEZ CADENA, an individual; JOHN WILLIAM STEVENSON a/k/a BILL STEVENSON, an individual; and STEPHEN PATRICK O'REILLY a/k/a STEPHEN EGERTON, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV13-5579 DDP (MANx)<br><br>Hon. Dean D. Pregerson<br><br>**SUPPLEMENTAL DECLARATION OF GREGORY R. GINN**<br><br>Date: October 7, 2013<br>Time: 10:00 a.m.<br>Courtroom: 3<br><br>Complaint Filed: March 20, 2012<br>Trial Date: Not Assigned |

I, Gregory R. Ginn, hereby declare as follows:

1. I am one of the Plaintiffs in the above-entitled case.

2. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

3. I submit this supplemental declaration in support of Plaintiffs' Motion for a Preliminary Injunction.

4. I have read the declaration of Henry Rollins, dated September 16, 2013. In that declaration, Rollins states that I hold him, in 1986, that I had "quit the band." That is not true. I did not "quit the band." Rather, I told Rollins that I wanted to stop public performances, for the time being. Rollins never brought up the matter again, and we never performed together again. After that time, SST Records (a company that I owned with partners at the time, but shortly thereafter I later bought out those partners, including Gary McDaniel) carried on selling Black Flag records, and selling merchandise, just as it always had. Rollins had no involvement in such matters, and never made any claim that the band was a partnership, or that he was the "last man standing," or that the band's affairs needed "winding up," or anything of the sort.

5. I have also reviewed the various declarations and other documents filed by defendants in this case, in opposition to the motion, in which they claim that there is *presently* a partnership regarding the name and logo for Black Flag. This is quite a surprise to me. Except for the claim made by Gary McDaniel aka Chuck Dukowski in his suit against SST Records, Inc. in 2007, no ex-member of Black Flag has *ever* claimed that they were a partner or had any partnership interest in the band. Many members of Black Flag came and went, from 1978 to 1986. With the sole exception of McDaniel in 2007, none of the defendants ever made any such claim, or sued for a partnership accounting or any sort of dissolution, or claimed that they were due a "winding up," until now.

6. With regard to the use of the Black Flag name and logo on merchandise items, SST has never paid any member or ex-member of the band any royalties with regard those sales, and, other than perhaps some allegations made by McDaniel in his 2007 to that effect, no member or ex-member has ever asked for any such payments. I believe that it was the understanding among all members and ex-members alike that SST owned the Black Flag name and logo, and that it was not SST's policy to pay royalties on such items. No one ever complained about this policy or claimed otherwise, up to 2007, and, in SST's settlement with McDaniel, he quickly waived any such claim to royalties or revenues from merchandise items.

7. After 1986, Rollins had no further involvement with Black Flag business. He did not perform as Black Flag; he sold no Black Flag merchandise. SST, on the other hand, never stopped selling Black Flag phonorecords and merchandise, just as we have done for 35 years, that is, since late 1978.

8. I do not believe that there has been any undue delay in bringing this motion. When I first heard of the musical performances being scheduled by defendants, I thought that they were just playing Black Flag songs as a "tribute" show. However, over the course of Summer 2013, defendants kept ratcheting up the similarities to Black Flag and the style of that band, including the use of similar fonts and artwork. Then, at some point, defendants, or people working with them, started using the famous logo itself; this was right about the time that I learned that

//

//

//

//

//

//

//

//

as a direct result of Rollins and Morris lying to the Patent and Trademark Office about using the logo "continuously since 1978," that this fraud had resulted in a registration of the logo, and I decided to take action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 20th day of September, 2013, at Taylor, Texas.

Gregory R. Ginn